FILED'10 MAR 28 22:21 USDC-ORM

FILED'10 MAR 29 4:07 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FERNANDO SANDOVAL,                                         CV. 06-1723-PA

       Petitioner,

  v.                                                       OPINION AND ORDER

BRIAN BELLEQUE,

       Respondent.


HARRISON LATTO
Attorney at Law
1631 NE Broadway, No. 533
Portland, OR  97232

       Attorney for Petitioner

JOHN KROGER
Attorney General
JACQUELINE KAMINS
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

       Attorneys for Respondent


1 - OPINION AND ORDER

Panner, Judge.

Petitioner, an inmate at Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges the legality of his state court sentencing in 1998, alleging ineffective assistance of counsel and violation of the principles announced in *Blakely v. Washington*, 542 U.S. 296 (2004). For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is DENIED.

## BACKGROUND

In August 1997, Petitioner was charged with Attempted Murder (Count 1), Assault in the First Degree (Count 2), Assault in the Second Degree (Count 3), Assault in the Fourth Degree (Count 4), Burglary (Count 5), and Kidnapping in the First Degree (Count 6), as a result of events occurring on or between January 1, 1997 and January 5, 1997. (Respt.'s Ex. 102.) Following a trial by jury, Petitioner was acquitted of Attempted Murder, but convicted of Assault I, Assault II, Assault IV, Burglary, and Kidnapping I. In February 1998, the sentencing court sentenced Petitioner to a total of 790 months imprisonment as follows: 20 year determinate sentences on Assault I, Burglary, and Kidnapping I; 70 months on Assault II; Assault IV merged with Burglary for sentencing; all terms were to run consecutive to each other. (#64, Response at 3.)

Petitioner directly appealed, claiming as error the imposition of sentences that exceeded the maximum provided by law. (Respt.'s Ex. 103.) The State concurred that the sentencing court had erred

2 - OPINION AND ORDER

and resentencing was required. (Respt.'s Ex. 104.) In June 2001, Petitioner was resentenced as follows: 240 month upward departure terms on both Assault I and Kidnapping I; 70 month mandatory minimum on Assault II; 12 month on Assault IV; 65 months on Burglary; terms for Assault I, Kidnapping I, and Assault II to run consecutively, and terms for Assault IV and Burglary to run concurrent to the others for a total 550 months imprisonment. The sentencing court made the following findings on the record, as required by statute for consecutive sentencing:

> 1) The Assault I was on a separate day and even though it involved the same victim, it is not part of a continuous and uninterrupted course of conduct, [and]
>
> 2) The Kidnapping I and Assault II will be sentenced consecutively because the [A]ssault II was not merely an incidental violation of a separate statutory provision in the course of the commission of kidnapping but was an indication of defendant's willingness to commit more than one criminal offense. They were part of the same continuous and uninterrupted course of conduct but that they also resulted in different types of harm to the victim.

(Respt.'s Ex. 101, Second Amended Judgment at 2.) Petitioner filed a second direct appeal challenging his sentence, but later moved to dismiss the action. The Oregon Court of Appeals granted Petitioner's motion, with final appellate judgment effective August 5, 2003. (Respt.'s Ex. 107.)

Petitioner filed for post-conviction relief ("PCR") and in a Second Amended Petition raised nine claims of ineffective assistance of trial counsel, one claim of ineffective assistance of appellate counsel, and one claim that his sentence was illegal

3 - OPINION AND ORDER

because the aggravation factors found by the court were not pleaded in the indictment and proven beyond a reasonable doubt by a trier of fact. (Respt.'s Ex. 108.) The PCR court denied relief, and Petitioner appealed advancing claims of ineffective assistance of counsel and a claim his sentencing was unconstitutional under *Blakely*. (Respt.'s Exs. 120, 121.) The Oregon Court of Appeals summarily affirmed on Respondent's motion, (Respt.'s Exs. 122, 123), and the Oregon Supreme Court denied review. (Respt.'s Ex. 125.)

Petitioner filed a successive Petition for Post-Conviction Relief. (Respt.'s Ex. 127.) The PCR court dismissed the case on Respondent's Motion for Summary Judgment, finding the petition "was frivolous as petitioner had filed an earlier Petition . . . under a different name[,]" and the appeal from that case was pending. (Respt.'s Exs. 130, 131.)

In his federal habeas petition, Petitioner presents four grounds for relief that can be characterized as follows:

Ground One:    Ineffective assistance of trial counsel when counsel failed to fully explain strategies and issues leaving petitioner to ask legal questions of the inadequate interpreter.

Ground Two:    Ineffective assistance of trial counsel when counsel failed to explain that rejection of the plea offer could result in charges for new offenses.

4 - OPINION AND ORDER

Ground Three: Ineffective assistance of trial counsel when counsel failed to hire a forensic specialist to test the alleged "dangerous weapon."

Ground Four: The PCR court erred in failing to correct Petitioner's sentence under *Blakely*.

Respondent contends Petitioner has failed to meet his burden for habeas relief on Grounds One, Two, and Three, and that Petitioner has procedurally defaulted Ground Four, or in the alternative, that the state court decision on Ground Four is entitled to deference under 28 U.S.C. § 2254(d) and (e)(1). (#64, Response at 11-12.)

## DISCUSSION

### I. GROUNDS NOT ADVANCED IN MEMORANDUM

Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."  This Court has reviewed the record and finds Petitioner is not entitled to relief on the three claims not advanced in his memorandum.

For habeas relief under § 2254(d), Petitioner has the burden of showing that the state court adjudication of his claims was contrary to or an unreasonable application of established Supreme Court precedent.  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004);

5 - OPINION AND ORDER

28 U.S.C. § 2254(d). Petitioner has failed to meet this burden of proof for Grounds One, Two, and Three, which are not advanced in his memorandum. Accordingly, habeas relief must be denied as to these claims.

## II. GROUND FOUR

### A. Exhaustion and Procedural Default

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (state courts must have an opportunity to act on claims before they are presented in a federal habeas petition). A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert. denied*, 125 S.Ct. 2975 (2005). To be fairly presented, the proper factual and legal basis for the claim must be presented to the state court. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

If a petitioner has not "fairly presented" his federal claims in state courts, and can no longer do so under state law, then the petitioner's state-court remedies are technically exhausted.

*Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir. 1996). When state-court remedies are "technically exhausted" they are also "procedurally defaulted" because "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition". *O'Sullivan,* 526 U.S. at 842; see also *Coleman*, 501 U.S. at 735 n.1 (1991); *Casey*, 386 F.3d at 920. Federal habeas review of procedurally defaulted claims is precluded unless the prisoner can show both "cause" for the procedural default and actual prejudice or unless the prisoner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

The Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. *See* Or. Rev. Stat. 138.650 (2005). Grounds for relief not raised in the PCR petition or amended petition are deemed waived. Or. Rev. Stat. § 138.550(3). Claims of trial court error must generally be raised on direct appeal, and are not recognized when presented for the first time in PCR proceedings unless the petitioner "proves that the failure to raise the issue was due to one (or more) of a few narrowly drawn exceptions[,]" for example, the failure was due to ineffective assistance of counsel, or "petitioner otherwise could not reasonably have been expected to raise the issue at trial." *Palmer*

7 - OPINION AND ORDER

*v. State*, 318 Or. 352, 358-62, 867 P.2d 1368 (1994); *Quimby v. Hill*, 213 Or.App. 123, 133, 159 P.3d 1264, *rev. denied* 343 Or. 223, 168 P.3d 1154 (2007); *see also* Or. Rev. Stat. § 138.550(2).

B.  Analysis

In his Memorandum, Petitioner advances one claim, "that he received constitutionally ineffective assistance of counsel because his defense attorney, at sentencing, neglected to object, on the basis of *Apprendi* [ ] to the two upward-departure sentences. . . . (#60, Mem. at 19-20; 28.)  Upon review of the record, the Court concludes the claim is procedurally defaulted and habeas review precluded.

In the PCR trial proceeding, Petitioner argued he was entitled to relief under *Blakely* in two contexts:  first, in alleging that trial counsel provided ineffective assistance when he failed object to departure sentencing based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and second, in alleging that the trial court erred in imposing departure sentences.  (Respt.'s Ex. 109 at 21-22, and 24-27.)  In his PCR appeal, however, Petitioner only advanced his argument that departure sentencing was illegal under *Blakely*. Petitioner did not advance the claim that counsel provided ineffective assistance when he failed to object to departure sentencing.  Thus, Petitioner did not present the claim that counsel was ineffective for failing to object to departure sentencing to all appellate stages afforded under state law and,

8 - OPINION AND ORDER

thus, he failed to exhaust state remedies. Because he can no longer present his claim in state court, see Or. Rev. Stat. § 138.650, it is procedurally defaulted. Petitioner makes no attempt to excuse the default and, accordingly, habeas review is precluded.

Even if the Court found Ground Four was properly exhausted in state court, it is without merit. To prevail on a federal claim of ineffective assistance of counsel, a petitioner must show that counsel's representation fell below objective standards of reasonableness and there is a reasonable probability that, but for counsel's deficient representation, the outcome of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Petitioner failed to do so.

The PCR trial court's Findings of Fact specified:

> 17. Trial counsel was not inadequate for failing to object to the upward departure sentences.

(Respt.'s Ex. 119 at 7.) Findings of Fact by a state court are presumed to be correct absent a petitioner presenting clear and convincing evidence to the contrary. § 2254(e)(1). Petitioner has not met this burden, and reviewing the record upon which the PCR court made its findings, the Court does not find any evidence that the PCR court acted unreasonably.

The Oregon statute governing consecutive sentencing assigns fact-finding for consecutive sentencing to judges. *See* Or. Rev.

9 - OPINION AND ORDER

Stat. § 137.123(2) and (3).[1]  In resentencing Petitioner, the state court made findings on the record to justify consecutive sentencing, as required by the governing statute.  (Respt.'s Ex. 101, Second Amended Judgment at 2.)  The court also made findings to support upward departure sentencing for the Assault I and Kidnapping charges.  (*Id.* at 2-3.)

Petitioner failed to show it was contrary to, or an unreasonable application of clearly established federal law for the PCR trial court to deny relief on Ground Four.  Accordingly, habeas relief is precluded.

## CONCLUSION

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#2) is DENIED.  The court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 26 day of March, 2010.

                                         Owen M. Panner
                                         United States District Judge

---

[1] The Supreme Court upheld the constitutionality of this statute in an *Apprendi/Blakely* challenge in *Oregon v. Ice*, 129 S.Ct. 711 (2009).

10 - OPINION AND ORDER